UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA,**          ) | |
| )  | |
| **Plaintiff,**                                    ) | |
| )  | |
| v.                                                  )  | Civil No. |
| )  | |
| **Land and Buildings Located at 10 Grove Street,**  ) | |
| **Claremont, NH, with all Appurtenances and**       ) | |
| **Improvements Thereon, Owned by**                  ) | |
| **Jonathan Santiago Perez and Maria Aponte,**       ) | |
| )  | |
| **Defendant *in rem*.**                       ) | |
| )  | |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this Complaint according to Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, and alleges:

### NATURE OF THE ACTION

This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Land and Buildings Located at 10 Grove Street, Claremont, NH, with all Appurtenances and Improvements Thereon, Owned by Jonathan Santiago Perez and Maria Aponte, for violations of 21 U.S.C. § 881(a)(7).

### JURISDICTION AND VENUE

Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355.

Venue is proper in this district pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT *IN REM*

The defendant *in rem* is: Land and Buildings Located at 10 Grove Street, Claremont, NH, with all Appurtenances and Improvements Thereon, Owned by Jonathan Santiago Perez and Maria Aponte.

## FACTS

1. As a result of an ongoing multi-agency investigation into the distribution and supply of crack cocaine in New Hampshire and Massachusetts, agents identified Jonathan Santiago Perez ("Santiago") as a source of supply.

2. On January 31, 2019, an undercover officer and a confidential source (CS1) conducted a controlled purchase of $200 worth of crack cocaine from a crack cocaine dealer. The undercover officer, CS1 and dealer traveled together to Claremont, New Hampshire, where the dealer met with the dealer's source of supply, Santiago. The dealer obtained what lab testing confirmed to be 1.080 grams of crack cocaine from Santiago, and then gave that crack cocaine to the undercover officer and CS1.

3. On February 11, 2019, an undercover officer and CS1 conducted a controlled purchase of $370 worth of crack cocaine from a crack cocaine dealer. The undercover officer, CS1 and the dealer traveled together to Claremont, New Hampshire, where the dealer met with its source of supply, Santiago. The dealer obtained what lab testing confirmed to be 1.98 grams of crack cocaine from Santiago, and then gave that crack cocaine to the undercover officer and CS1.

4. On April 25, 2019, investigators approached the crack cocaine dealer (CS2), who identified Santiago as a crack cocaine source of supply in Claremont, New Hampshire. CS2 agreed to cooperate with law enforcement. CS2 said that it bought crack cocaine from Santiago

for more than one year.  CS2 provided information about Santiago previously corroborated by law enforcement.

5. On April 30, 2019, CS2 conducted a controlled purchase of $350 worth of crack cocaine from Santiago in Claremont, New Hampshire. Santiago provided CS2 with what lab testing confirmed to be 2.59 grams of crack cocaine. Surveillance confirmed that Santiago traveled to the controlled buy from his residence, the defendant *in rem*, 10 Grove Street, Claremont, New Hampshire, directly to the buy location, and then returned to the defendant *in rem* immediately after the controlled transaction.

6. On May 9, 2019, agents executed a federal search warrant at the defendant *in rem*, and arrested Santiago.  Santiago waived his Miranda rights and told agents that he had $10,000 in his bedroom, and "work" above the microwave in the kitchen.  "Work" is a common street term for illegal drugs.

7. During a search of the master bedroom, agents found and seized $10,000 in U.S. Currency in a blue bank-style bag, $440 from Santiago's wallet, and three cell phones, all from a nightstand to the right of the bed.  They also seized 16 oxycodone pills in a baggie from the pocket of a red jacket hanging in the closet.  In the kitchen, agents seized a water bottle containing small baggies filled with 92 rocks of crack cocaine, two paper bundles filled with numerous glassine bags containing suspected heroin, and one clear baggie containing 36 grams of cocaine, from the cabinet above the microwave.

8. A New Hampshire State Police Canine Unit drug-detecting dog, "Grom," alerted to the kitchen cabinet that housed the water bottle containing the suspected crack cocaine.  Grom was certified for narcotics detection in 2018, and has been trained to detect the odors of cocaine, methamphetamine and heroin.

9. Also that same day, agents spoke with Maria Aponte ("Aponte"), Santiago's wife, at her place of employment and told her that they had a search warrant for her house. She agreed to speak with agents at the Claremont Police Department and waived her Miranda rights. Aponte said that Santiago had been arrested in Massachusetts for drug sales several years ago and that she told him to stop or she would divorce him. Aponte said that she accused Santiago of selling drugs about a year ago, but Santiago denied it. She said that Santiago frequently left their home and she didn't know where he went.

10. Aponte told agents that she and Santiago each provided half of the $75,000 in cash used to purchase their home. She said that the money came from tax returns, savings, and proceeds from selling a house in Puerto Rico. She estimated that she and Santiago have spent between $12,000 to $15,000 on repairs to the house. Aponte said that she works as an LNA making $16 per hour, and receives $800 per month in child support. Santiago is unemployed.

11. During Santiago's post-arrest interview, he told officers that he lived in the house with his wife and their children. He said that he hasn't held a job in over a year. Santiago said that he stored drugs in a kitchen cabinet over the microwave, and that he had about $10,000 in drug sale proceeds in his bedroom nightstand table. He estimated that it took him about a year to earn $10,000, and that he sold drugs to three or four regular customers.

12. Later the same day, agents interviewed a source of information (SOI) regarding the investigation into Santiago's drug investigation. SOI waived its Miranda rights, and told agents that its main heroin source was "Rey," a Puerto Rican male who lives on Grove Street in Claremont. The SOI confirmed that "Rey" was Santiago after photo identification. SOI stated that it has performed a significant amount of construction work in Santiago's home and completely renovated it during the past year. Santiago paid SOI mostly in heroin at $100 per

bundle, and also cash at $15 per hour. SOI said that Santiago paid it in heroin approximately every other day and that the payments took place in either the basement or garage of the defendant *in rem*, 10 Grove Street. On one occasion at Santiago's residence, SOI said that it asked Santiago's wife, Maria, for heroin while it worked. Aponte refused, telling SOI that Santiago would be angry if she did so.

13. On February 20, 2020, Santiago pleaded guilty to three felony counts of distribution of a controlled substance, namely crack cocaine. He is awaiting sentencing. Plea Agreement, *United States v. Jonathan Santiago Perez*, 1:19-cr-116-LM, ECF No. 23.

## CLAIM FOR FORFEITURE

14. The allegations contained in paragraphs 1-13 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

15. Title 21, United States Code, Section 881(a)(7) subjects to forfeiture "[a]ll real property which is used, or intended to be used . . . to commit, or to facilitate the commission of a violation of this subchapter . . .."

16. The defendant *in rem*, Land and Buildings Located at 10 Grove Street, Claremont, NH, with all Appurtenances and Improvements Thereon, Owned by Jonathan Santiago Perez and Maria Aponte, is real property which was used or intended to be used, to commit, and to facilitate the commission of, the unlawful storage and distribution of controlled substances, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

17. As a result, the defendant *in rem*, Land and Buildings Located at 10 Grove Street, Claremont, NH, with all Appurtenances and Improvements Thereon, Owned by Jonathan Santiago Perez and Maria Aponte, is liable to condemnation and forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(7).

## RELIEF REQUESTED
### Real Property

The United States does not request authority from the Court to seize the defendant *in rem* real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1): post notice of this Complaint on the defendant *in rem* real property; serve notice of this action on the owners of the defendant *in rem* real property, along with a copy of this Complaint; and, execute a writ of entry for the purpose of conducting an inspection, inventory and appraisal of the defendant *in rem* real property.

The United States also desires to undertake an appraisal of the defendant *in rem* real property, as provided in 19 U.S.C. § 1606. 18 U.S.C. § 985(c)(3) provides that, because the United States will post notice of this Complaint on the defendant *in rem* real property, it is not necessary for the Court to issue an arrest warrant *in rem*, or to take any other action to establish *in rem* jurisdiction over the defendant *in rem* real property. 18 U.S.C. § 985(b)(2) clearly states that "the filing of a *lis pendens* and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

Therefore, with respect to the defendant *in rem* real property, the United States requests that the Court issue, pursuant to 18 U.S.C. §§ 985(b)(2) and 981(j), the proposed Writ of Entry attached to this Complaint authorizing the United States Marshals Service:

(a) To enter, after prior notice to the occupant(s) or occupants' counsel, if any, the defendant *in rem* real property, including any structures, on one or more occasions during the pendency of this *in rem* forfeiture action for the purpose of conducting inspections, inventories and appraisals of the defendant *in rem* real property, which inspections, inventories and appraisals may include still and video photography;

(b)  To be accompanied on any such occasions by any government or contract personnel selected by the United States Marshals Service for the purpose of conducting inventories of the defendant *in rem* real property; and,

(c)  To be accompanied on any such occasions by any federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry.

The United States further requests that:

(d)  this matter be scheduled for a jury trial;

(e)  judgment of forfeiture be entered; and

(f)  this Court grant the United States its costs and whatever other relief to which it may be entitled.

          Respectfully Submitted,

          SCOTT W. MURRAY
          United States Attorney

Dated:  March 4, 2020        By:  /s/ Robert J. Rabuck
                                                           Robert J. Rabuck
                                                            NH Bar # 2087
                                                            Assistant U.S. Attorney
                                                            District of New Hampshire
                                                            53 Pleasant Street
                                                            Concord, New Hampshire
                                                            603-225-1552
                                                            rob.rabuck@usdoj.gov

## VERIFICATION

I, Galen E. Doud, being duly sworn, depose and say that I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration, and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *in rem* and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the controlled substances laws of the State of New Hampshire and of the United States.

/s/ Galen E. Doud
Galen E. Doud

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Subscribed and sworn to before me on March 3, 2020.

/s/ Francine Doucette Conrad
Notary Public

My commission expires:  March 27, 2024

JS 44-A
JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 893 Environmental Matters |
| | | | | ❏ 865 RSI (405(g)) | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Land and Buildings Located at 10 Grove Street, )<br>Claremont, NH, with all Appurtenances and )<br>Improvements Thereon, Owned by )<br>Jonathan Santiago Perez and Maria Aponte, )<br>)<br>Defendant *in rem*. )<br>_____) | Civil No. |

WRIT OF ENTRY

To the United States Marshal Service for the District of New Hampshire:

A Verified Complaint for Forfeiture *in rem* was filed on March 4, 2020, in the U.S. District Court for the District of New Hampshire, alleging that the defendant *in rem* Land and Buildings Located at 10 Grove Street, Claremont, NH, with all Appurtenances and Improvements Thereon, Owned by Jonathan Santiago Perez and Maria Aponte was used or intended to be used, to commit, and to facilitate the commission of, the unlawful storage and distribution of controlled substances, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is liable to condemnation and forfeiture to the United States for its use, pursuant to 21U.S.C. § 881(a)(7).

The Court being satisfied that based on the allegations contained in the Verified Complaint, there is probable cause to believe that the defendant *in rem* real property was used as is alleged in the Verified Complaint, and that grounds for the application for issuance of a writ of entry for the defendant *in rem* real property exists, since the United States' title will relate back to the dates of the offenses if forfeiture is ordered,

YOU ARE, THEREFORE, HEREBY COMMANDED to enter the defendant *in rem* real property above described for the purpose of determining the physical condition and the value of the property at that time, after prior notice to the occupant(s) or occupants' counsel, if any; The U.S. Marshal shall use his discretion and whatever means are appropriate to evaluate the property, including but not limited to the use of pictures, videotape, professional appraisers or surveyors.  The use of appraisers, surveyors and other experts is not limited to the first visit of the U.S. Marshal to the property, but may be scheduled as necessary or convenient in the discretion of the U.S. Marshal;

YOU ARE FURTHER COMMANDED TO POST upon the defendant *in rem* real property, in an open and visible manner, notice of the pendency of this action, including this Writ;

AND FURTHER TO SERVE upon the record owner(s) copies of this Writ in a manner consistent with the principles of service of process of an action in rem under the Supplemental Rules For Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, within a reasonable time of its execution;

IT IS FURTHER ORDERED that the owner(s) and occupant(s) of the defendant *in rem* real property shall not take any steps to sell or mortgage the property, nor make any changes or improvements whatsoever to the property during the pendency of this action, without the written consent of the U.S. Marshal or the approval of this Court;

IT IS FURTHER ORDERED that the owner(s) and occupant(s) of the property notify the U.S. Attorney's Office, Attention: Robert J. Rabuck, Assistant U.S. Attorney, 53 Pleasant Street, Concord, NH 03301, if the defendant *in rem* real property is to become vacant for more than a two week period so that the U.S. Marshal can take whatever steps it considers necessary

(including applying to this Court for permission to seize the property) to safeguard the property;

YOU ARE FURTHER ORDERED that if the defendant *in rem* real property appears to be vacant when you enter it, you may take custody of it and take, in your discretion, whatever steps may be necessary to prevent deterioration of the property.  Should you decide that you must take and keep custody, you are required to request authorization for such action from this Court within forty-five days of taking custody.  This order is not a requirement that you take any steps whatsoever to protect or preserve the property and you are specifically instructed that such temporary custody as you may receive pursuant to this paragraph does not imply that you will maintain custody of the property until the resolution of this action;

The U.S. Marshal's purpose in executing this Writ is to determine the condition and value of the property.  It is not his mission to preserve the property and it is not his responsibility to take any steps whatsoever to correct any conditions he may find on the property.  Pursuant to United States v. James Daniel Good Real Property, et al., 114 S.Ct. 492 (1993), the United States will not have custody or control of, or responsibility for, the property until an order of forfeiture has been entered by this Court or a seizure order has been granted;

UPON APPLICATION of the plaintiff, the United States of America, and pursuant to 18 U.S.C. § 985 and the All Writs Act, 28 U.S.C. § 1651(a), the Court shall issue any order necessary to effectuate and prevent the frustration of the execution of this Writ;

The U.S. Marshal, at his discretion, shall be accompanied by federal, state, or local law enforcement officers, as needed, to assist him in the execution of this Writ.

Dated in Concord, in the District of New Hampshire, this ____ day of _____, 2020.

                                                                 _____
                                                                 UNITED STATES DISTRICT JUDGE